**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JEAN-PIERRE COPPENS, | CIVIL ACTION NO. 11-4754 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| BT GLOBAL SERVICES, |  |
| Defendant. |  |

**THE PLAINTIFF**, who is pro se, brought this action in state court to recover damages for employment "discrimination on the basis of citizenship status under [sic] the violation of the Immigration Reform and Control Act". (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl., Attachment at 1 (entitled "Summery [sic] Of What Happened Resulting In My Claim").) The defendant employer removed the action from state court. (Rmv. Not.)

**THE DEFENDANT** now moves to dismiss the Complaint, arguing, inter alia, that the plaintiff has failed to exhaust the required administrative remedies set forth in the Immigration Reform and Control Act ("IRCA"), 8 U.S.C. § 1324b. (Dkt. entry no. 6, Def. Br. at 7-8; see dkt. entry no. 9, Def. Reply Br. at 3-4.) The plaintiff opposes the motion. (Dkt. entry no. 8, Pl. Affidavit at 1-3.) The Court will (1) grant the part of the motion seeking dismissal of the Complaint for failure to exhaust the required administrative remedies, and (2) dismiss the Complaint.

**THE IRCA:**

> supplies a comprehensive administrative process for filing a claim. See § 1324b(b)-(j) . . . A district court has only a few limited functions under the [IRCA], see § 1324b(f)(2) (issuing subpoena where party fails to obey ALJ subpoena), § 1324b(j)(1) (enforcing unappealed agency order); neither of which permits initial review of a claim. Thus, a litigant has no private cause of action in a federal district court to enforce violations of § 1324b in the first instance . . . [When a] Plaintiff is seeking primary enforcement of the [IRCA] in [District] Court[,] [s]uch a cause of action is not sustainable.

Shine v. TD Bank Fin. Grp., No. 09-4377, 2010 WL 2771773, at *8 (D.N.J. July 12, 2010) (case citations omitted) (granting part of motion seeking dismissal of IRCA claims).

**FURTHERMORE:**

> Section 1324b contains a detailed administrative enforcement mechanism that explicitly requires exhaustion of administrative remedies before a claim may be filed in federal court. See 8 U.S.C. § 1324b(b)-(j) . . . Specifically, an aggrieved party is required to file a complaint with the Special Counsel for Immigration-Related Unfair Employment Practices, which then makes a determination regarding the validity of the complaint. 8 U.S.C. § 1324b(b)-(d). The complainant may then request a hearing before an administrative law judge. 8 U.S.C. § 1324b(e)-(h). The complainant may appeal the administrative law judge's final order to the appropriate United States Court of Appeals. 8 U.S.C. § 1324b(i).
>
> Not only do comprehensive administrative mechanisms exist, but also the legislative history . . . yields no support for the proposition that Congress intended to create a private right of action in section[] . . . 1324b.

Biran v. JP Morgan Chase & Co., No. 02-5506, 2002 WL 31040345, at *2-3 (S.D.N.Y. Sept. 12, 2002) (case citations omitted) (granting motion to dismiss IRCA claim based on lack of subject matter

jurisdiction; noting IRCA administrative procedures show "intent to limit enforcement of alleged violations to administrative mechanisms before resort can be had to a court action"); accord Gen. Dynamics Corp. v. United States, 49 F.3d 1384, 1385 (9th Cir. 1995); see Tudoriu v. Horseshoe Casino Hammond, No. 04-294, 2006 WL 752490, at *2 (N.D. Ind. Mar. 21, 2006) (granting part of motion seeking dismissal of IRCA claims; noting judicial review is foreclosed until administrative procedures are exhausted).

**THE PLAINTIFF** has failed to abide by the procedures set forth in IRCA, and may not proceed here.  The plaintiff must first exhaust the required administrative remedies, and then appeal from any administrative order to the appropriate United States Court of Appeals.  The Court will dismiss the Complaint insofar as it asserts claims under IRCA.

**THE COURT** will also dismiss the Complaint insofar as it may be construed, arguendo, to assert claims under state law ("State Claims").  Any purported State Claims that the Court can discern in the Complaint stem from, and are hopelessly intertwined with, the plaintiff's core allegation that the defendant has violated IRCA.  In an excess of caution, the Court will dismiss any purported State Claims without prejudice, and with leave to the plaintiff to assert the State Claims in a new action (1) upon exhaustion of the IRCA administrative remedies, and (2) if the

plaintiff's concerns underlying the State Claims are not resolved by the IRCA procedures.

**THE COURT** notes that the plaintiff is foreclosed from seeking further relief under the civil action number assigned to this action.  The plaintiff — if intending to either (1) utilize the "few limited functions" available to a federal district court after he institutes administrative proceedings under IRCA, or (2) attempt to pursue the State Claims at the conclusion of such proceedings — must institute a new action.  The Court will issue an appropriate order and judgment.

        s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

**Dated:**   December 1, 2011